869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. SIMPSON, Plaintiff-Appellant,
v.
The COMMONWEALTH OF KENTUCKY; the Department of Mines &
Minerals; Willard Stanley; Leroy Gross; George Eugene
Hollis; Herman Dale Williamson; Cecil Smith; Ron Ross;
Oscar Grubb; Jerry Holland; Jessie Hubbard, and all
unknown others to be added as soon as their names are known,
Defendants- Appellees.
 Nos. 88-5065, 88-5115 and 88-6152.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD A. FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals plaintiff, William A. Simpson, seeks review of the district court's judgment in favor of defendants and two related orders in a cause of action for the violation of his civil rights. He now moves for leave to proceed in forma pauperis. Upon consideration of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Kentucky. As the basis of his claim for monetary damages and injunctive relief, he alleged that he had operated a coal mine which had not been properly licensed pursuant to Ky.Rev.Stat. Sec. 351.175. Plaintiff further related that defendants, the Commonwealth of Kentucky Department of Mines and Minerals and several of its employees, sought his compliance with that statute by closing the mine, confiscating his equipment and instituting criminal proceedings against him. Plaintiff subsequently filed this action in federal court in which he maintained simply that the licensing requirement of Ky.Rev.Stat. Sec. 351.175 and the attendant civil and criminal penalties were an unconstitutional interference with his right to due process, his right to work and his right of freedom of contract. Defendants responded to the complaint by filing a motion for summary judgment which the district court granted on April 1, 1988. Plaintiff then filed a timely notice of appeal from that judgment which is now before the court as case no. 88-6152. In addition, plaintiff had previously filed notices of appeal from two earlier orders related to his request for a preliminary injunction. Those appeals, which were assigned case nos. 88-5065 and 88-5115, were later consolidated with case no. 88-6152. All three appeals are now before the court for disposition.
 
 
 4
 Examination of the record first discloses that both case no. 88-5065 and case no. 88-5115 must be dismissed for lack of jurisdiction. Plaintiff filed his notice of appeal in the latter case on April 16, 1987, after the district court had entered an order on April 2, 1987, denying his motion for a preliminary injunction. Plaintiff's appeal was premature, however, inasmuch as a motion to reconsider the denial of injunctive relief was pending before the district court. Fed.R.App.P. 4(a)(4).
 
 
 5
 Case no. 88-5065 must likewise be dismissed for want of jurisdiction. In this case the plaintiff appealed from an order denying a motion to reconsider. The order was entered on July 23, 1987. On August 3, 1987, the plaintiff filed a motion to reconsider the July 23 order. Plaintiff filed the notice of appeal on October 9, 1987. As the thirty day time period for taking an appeal under Fed.R.App.P. 4(a)(1), was not tolled by the August 3 motion to reconsider, see Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253, 254 (6th Cir.1983), the appeal in case no. 88-5065 must be dismissed as untimely.
 
 
 6
 Finally, in case no. 88-6152 this court shall affirm the district court's decision to grant defendants' motion for summary judgment and dismiss the complaint. A district court may properly take that action if, drawing all factual inferences in favor of the non-moving party, it can conclude that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Both of these conditions are present in case no. 88-6152. The record reveals that the parties are in agreement as to the essential facts. Furthermore, defendants are also entitled to judgment as a matter of law, since the regulation of mining has long been recognized as a legitimate exercise of a state's police powers. Booth v. Indiana, 237 U.S. 391, 396 (1915); Wilmington Star Mining Co. v. Fulton, 205 U.S. 60, 73 (1907). The district court therefore did not err in granting the motion for summary judgment and dismissing the complaint.
 
 
 7
 Accordingly, the motion for leave to proceed in forma pauperis is hereby granted and the appeals in cases no. 88-5065 and no. 88-5115 are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. Furthermore, the district court's final judgment in case no. 88-6152 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation